UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00504-GNS

NICOLE BALLINGER, as Guardian of
T.B., a Minor                                                                                    PLAINTIFF

v.

AMAZON.COM, INC., M.S., a Minor;
and UNKNOWN DEFENDANTS                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 21) and Defendant's Motion to Dismiss (DN 24). For the reasons set forth below, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED AS MOOT**.

### I.   BACKGROUND

The events giving rise to the pending motions are as follows: T.B., a minor and citizen of Kentucky, invited two of his friends—J.K. and Defendant M.S., also a citizen of Kentucky—to his home after school at which time he exhibited a sword originally purchased from Defendant Amazon.com Inc.'s ("Amazon") website.[1] (Compl. ¶¶ 10-18, DN 1-1). The three friends decided to "use the sword to chop plastic water bottles tossed into the air [and] to film their activities," with M.S. acting "as director, choreographer and videographer" of the stunt. (Compl.

---

[1] Amazon is a corporation organized under the laws of Delaware with its principal place of business in the state of Washington. (Notice Removal 4, DN 1).

1

¶ 19). As J.K. swung the sword, its blade "disengaged from the handle, flew as much as twenty feet, and struck [T.B.], effectively impaling him through the forehead." (Compl. ¶ 20).

As a result, Plaintiff Nicole Ballinger ("Plaintiff"), T.B.'s guardian, filed suit in Oldham Circuit Court alleging, *inter alia*, that the negligence of Amazon and M.S. (collectively "Defendants") caused T.B.'s injuries.[2] (Compl. ¶¶ 32-37, 59-63). In particular, Plaintiff alleged that M.S. had a duty "to exercise ordinary care for the safety and well-being of others in her company," and that M.S. violated that duty when she: (1) "acted . . . as an active director, choreographer and videographer of the stunt that injured [T.B.]," (2) "encouraged . . . two fifteen-year-old boys to engage in reckless . . . behavior," and (3) "failed to ascertain . . . whether the sword . . . was suitable for the use being made of it at the time of [T.B.'s] injury." (Compl. ¶¶ 60-61). Plaintiff also alleged that M.S.'s breach caused T.B.'s injury. (Compl. ¶¶ 62-63).

A few weeks later, Amazon removed the action to this Court on the basis of diversity jurisdiction. In its Notice of Removal, Amazon argued that, though Plaintiff, T.B., and M.S. are all Kentucky citizens—which would ordinarily defeat complete diversity of citizenship and deprive this Court of subject-matter jurisdiction over Plaintiff's state-law claims, *see* 28 U.S.C. § 1332(a)(1)—the Court must disregard M.S.'s citizenship in determining whether diversity jurisdiction exists because, given that Plaintiff's claim against M.S. is frivolous, Plaintiff fraudulently joined M.S. to the lawsuit.[3] (Notice Removal 4-7).

---

[2] Plaintiff's claims against Amazon—as well as Plaintiff's claims against a group of Unknown Defendants—are irrelevant to the disposition of the pending motions. (Compl. ¶ 5).
[3] The Court notes that, if Plaintiff fraudulently joined M.S. to her suit, complete diversity of citizenship would exist between Plaintiff and each defendant, and this Court would have subject-matter jurisdiction the action. Plaintiff and T.B. are both citizens of Kentucky, Amazon is a citizen of Washington and Delaware, and, pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of the group of Unknown Defendants described in the Complaint is irrelevant to the diversity inquiry. (*See* Compl. ¶¶ 1-7; Notice Removal 4).

2

After removal, Plaintiff moved the Court to remand her suit to state court. (Pl.'s Mot. Remand, DN 21). In her motion, Plaintiff argues that, because she has a valid negligence claim against M.S., M.S. is a proper defendant and therefore this Court lacks subject-matter jurisdiction over her action and must remand it. (Pl.'s Mem. Supp. Mot. Remand 6-8, DN 21-1).

Both Amazon and M.S. submitted responses to Plaintiff's Motion to Remand, and M.S. moved to dismiss Plaintiff's claim against her. (*See* Def. Amazon's Opp'n Pl.'s Mot. Remand, DN 22; Def. M.S.'s Opp'n Pl.'s Mot Remand, DN 23; Def. M.S.'s Mot. Dismiss, DN 24). Defendants' respective responses to Plaintiff's Motion to Remand largely mirror each other and reiterate the fraudulent joinder argument Amazon raised in its Notice of Removal. (Def. Amazon's Opp'n Pl.'s Mot. Remand 4; M.S.'s Opp'n Pl.'s Mot. Remand 6). In addition, M.S. argues in her motion that she must be dismissed from Plaintiff's suit because, among other reasons, Plaintiff failed to present factual allegations sufficient to state a claim against her. (Def. M.S.'s Mem. Supp. Mot. Dismiss 3-10, DN 24-1).

The parties have fully briefed the issues related to Plaintiff's Motion to Remand (DN 21) and M.S.'s Motion to Dismiss (DN 24). Thus, these motions are ripe for adjudication.

## II. STANDARDS OF REVIEW

### A. Motion to Remand

Generally, when a lawsuit involving opposing parties who share a state of citizenship with a plaintiff is removed to federal court on the basis of diversity jurisdiction, the court must remand it. *See Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007) (citing 28 U.S.C. § 1447(c)); *see also* 28 U.S.C. §§ 1332(a)(1), 1441(a). Indeed, in such a situation, complete diversity of citizenship does not exist between each plaintiff and defendant,

and, therefore, the court lacks subject-matter jurisdiction over the action. *See* 28 U.S.C. §§ 1332(a)(1), 1447(c).

The Sixth Circuit, however, has recognized that remand is not required where the plaintiff fraudulently joins a non-diverse defendant. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "To prove fraudulent joinder, the removing party must present . . . evidence that [the] plaintiff could not have established a cause of action against non-diverse defendant[] under state law." *Id.* (citation omitted). This is a rather high burden. As the Sixth Circuit and sister courts have explained: if "a reasonable basis exists for predicting that the plaintiff's claims against the non-diverse defendant could succeed under state law," then the non-diverse defendant is a proper (rather than fraudulent) party to the action, and the court must remand it to state court. *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012) (emphasis omitted) (citation omitted); *see also Coyne*, 183 F.3d at 493.

### B. <u>Motion to Dismiss</u>

In order to survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks and citation omitted). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).

### III. <u>DISCUSSION</u>

As an initial matter, the Court notes that the disposition of Plaintiff's motion will necessarily resolve M.S.'s motion. Consider: Plaintiff's motion questioning this Court's

4

jurisdiction over Plaintiff's case hinges on whether she fraudulently joined M.S., which, in turn, depends on whether Plaintiff's claim against M.S. has a "reasonable basis"; similarly, the disposition of M.S.'s motion to dismiss turns on the viability of Plaintiff's claim against her. (Pl.'s Mem. Supp. Mot. Remand 6-8; Def. M.S.'s Mem. Supp. Mot. Dismiss 3-10). A finding that Plaintiff's claim against M.S. is plausible would mean that the Court lacks subject-matter jurisdiction over the suit, including M.S.'s motion. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (noting that, if a defendant's fraudulent joinder argument fails, and no other basis for jurisdiction exists, the court cannot hear the case). A finding to the contrary would necessarily require that the claims against M.S. be dismissed. *See id.* (describing the fraudulent joinder analysis as "more lenient than" Fed. R. Civ. P. 12(b)(6) analysis).

To recover on a claim of negligence under Kentucky law, a plaintiff must plead and prove that the defendant owed her a duty of care, breached that duty, and, as a result, caused the plaintiff to suffer damages. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992) (citation omitted). Additionally, as a general rule, an individual only owes a duty of care to those around her when she engages in risk-creating conduct, and even then her duty is only to act reasonably so as "to prevent foreseeable injury." *See Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell*, 736 S.W.2d 328, 332 (Ky. 1987) (citation omitted); *see also James v. Wilson*, 95 S.W.3d 875, 891 (Ky. 2002) (noting that when an individual "intentionally engage[s] in affirmative action" which creates a risk of harm to another, that individual owes the other a duty to engage in such action in a reasonable manner).

Given these requirements, the Court finds that Plaintiff's claim for negligence against M.S. has a reasonable basis under Kentucky law. The Complaint alleges that M.S. "acted . . . as an active director . . . of the stunt that injured [T.B.]", and that M.S. is liable in tort for this

5

conduct. (Compl. ¶¶ 59-63). The Court reads this allegation to mean that M.S. engaged "risk-creating conduct" that T.B. would be harmed and therefore she owed him a duty, which was breached and caused T.B.'s injury. *See James*, 95 S.W.3d at 891. Accordingly, while the Complaint is not a model of clarity, it contains allegations and information sufficient for the Court to conclude that there is a "colorable basis" for predicting that Plaintiff could potentially recover against M.S. under Kentucky law. *See Casias*, 695 F.3d at 433. This is not to say that Plaintiff's claim against M.S. has merit. To the contrary, discovery may reveal no risk-creating conduct on the part of M.S. On the other hand, the facts may be in dispute, in which event it would be a jury's function to determine whether M.S. breached a duty and to apportion fault among joint tortfeasors. *See* KRS 411.182.

Seeking to avoid this outcome, Defendants raise two arguments, neither of which is persuasive. First, Defendants urge the Court to find that M.S. did not owe T.B. a duty of reasonable care because, given that J.K. was swinging the sword at the time of T.B.'s injuries, M.S. *did not* engage in the activity that created a risk that T.B. would be harmed. (Def. Amazon's Opp'n Pl.'s Mot. Remand 3-6; Def. M.S.'s Opp'n Pl.'s Mot Remand 6-13). This proposition directly contradicts the allegations in the Complaint. (Compl. ¶¶ 59-63). Further, Kentucky courts have suggested that an individual may be liable for negligence even if *another's* conduct contributed to the plaintiff's injuries. *See James*, 95 S.W.3d at 891 (reasoning that individual owes those around her a duty of care when she "engage[s] in affirmative action which assists someone else in causing harm to another"). Second, M.S. argues that, because Plaintiff acknowledged in another pleading that "the sword was being used as intended and 'typically applied' with no [patent] defects" at the time of T.B.'s injuries, Plaintiff cannot now claim that

6

T.B.'s injuries were reasonably foreseeable.[4] (Def. M.S.'s Opp'n Pl.'s Mot Remand 13-14). A Kentucky court, however, could conclude that T.B.'s injuries were reasonably foreseeable simply because it is foreseeable that a teenager swinging a sword at a plastic water bottle may unreasonably subject nearby persons to injury. *See Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 91 (Ky. 2003) ("A risk foreseen has to be unreasonable before the defendant may be held liable for creating the risk."). In any event, under Kentucky law, "[a] party may . . . state as many separate claims or defenses as he has regardless of consistency . . . ."[5] *See* Ky. R. Civ. P. 8.05(2).

Accordingly, Plaintiff has stated a plausible negligence claim against M.S. under Kentucky law, and, therefore, Defendants have failed to demonstrate that Plaintiff fraudulently joined M.S. to this action. Because M.S. remains a party, complete diversity does not exist between Plaintiff and each defendant. Thus, this Court lacks subject-matter jurisdiction over Plaintiff's suit (and M.S.'s Motion to Dismiss), and must remand this matter to state court. *See Casias*, 695 F.3d at 432.

---

[4] The pleading M.S. refers to is a complaint that Plaintiff filed against Top Swords, LLC—the company that manufactured the sword that impaled T.B.—in the Northern District of Georgia. (*See* Def. M.S.'s Opp'n Pl.'s Mot Remand Ex. 1).

[5] Defendants also raise a number of arguments that are irrelevant to this Court's disposition of Plaintiff's motion. For instance, Defendants contend that, under Kentucky law, M.S. owed no duty to *protect* T.B. from harm or to inspect the sword prior to directing the stunt. (Def. Amazon's Opp'n Pl.'s Mot. Remand 4-6; Def. M.S.'s Opp'n Pl.'s Mot Remand 6-13). Defendants also claim that, to the extent the Complaint alleges claims against M.S. for "negligent encouragement," Kentucky courts have never recognized such a claim, and, as such, this allegation does not render M.S. a proper party to Plaintiff's suit. (Def. Amazon's Opp'n Pl.'s Mot. Remand 6). These arguments need not be addressed because regardless of their merit, Plaintiff's negligence allegations against M.S. have a reasonable basis under Kentucky law.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Remand (DN 21) is **GRANTED**, and the Court **REMANDS** this case to Oldham Circuit Court.

2. Defendant M.S.'s Motion to Dismiss (DN 24) is **DENIED AS MOOT**.

3. The Clerk shall strike this case from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
January 22, 2018

cc: counsel of record